UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **NORTHEAST LOUISIANA RAILROAD DEVELOPMENT DISTRICT** | **CIV. ACTION NO. 3:23-01783** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **DELTA SOUTHERN RAILROAD INC** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

### REPORT & RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant Delta Southern Railroad Inc. [doc. #5] and a motion to remand filed by Plaintiff Northeast Louisiana Railroad Development District. [doc. #9]. The motions are opposed. [docs. #12, 14].

For reasons assigned below, it is recommended that the motion to remand be DENIED, the motion to dismiss be GRANTED IN PART and DENIED IN PART, and the suit be DISMISSED WITHOUT PREJUDICE.

### Background

Plaintiff Northeast Louisiana Railroad Development District ("the Development District") filed the instant petition for expropriation against Defendant Delta Southern Railroad Inc. ("Delta Southern") on November 22, 2023, in the Sixth Judicial District, Madison Parish, Louisiana. Petition for Expropriation [doc. #1-1, pp. 5-7]. Delta Southern removed the action to this Court on December 21, 2023. Notice of Removal [doc. #1]. The Development District seeks to expropriate 2.7 miles of track to facilitate construction of a rail line between East Carroll Parish and Concordia Parish. Petition for Expropriation [doc. #1-1, p. 5].

Delta Southern owns 2.7 miles of track between milepost 498.4 near Tallulah, Louisiana, and milepost 501.1 near Vidalia, Louisiana ("the Track Segment."). *Id.* (specifying the mileposts as 498.44 and 501.15). The history of the Track Segment relevant to this proceeding dates back to June 29, 1988, when Missouri Pacific Railroad ("MPR") petitioned the Interstate Commerce Commission ("the ICC") to abandon the rail line located between milepost 408.9 near McGehee, Arkansas, and milepost 651.6 near Vidalia, Louisiana. Memo in Support of M/Remand [doc. #9-1, p. 3]. The ICC subsequently authorized National Railway Equipment Company ("NREC") to acquire portions of that track from milepost 408.9 to milepost 498.4 in Tallulah, Louisiana, from MPR. *Id.* NREC later acquired the remaining track – from milepost 498.4 to milepost 651.6 – from MPR. *Id.* On September 30, 1988, the ICC authorized NREC to operate south of milepost 408.9 and north of milepost 498.4. *Id.* Through a series of transactions, ownership and operating rights of the track south of milepost 408.9 and north of milepost 498.4 now rests with Delta Southern. *Id.* at pp. 3-4. Portions of the line south of milepost 498.4 have been sold by Delta Southern, but the company retains ownership of other segments south of that milepost, including the Track Segment. *Id.* at p. 4; Memo in Support of M/Remand [doc. #9-1, p. 3]. Delta Southern has never received operating authority from the Surface Transportation Board ("STB")[1] concerning any of the line south of milepost 498.4. Memo in Support of M/Remand [doc. #9-1, p. 3].

The Development District now seeks to construct an active rail line between East Carroll Parish and Concordia Parish. Petition for Expropriation [doc. #1-1, p. 5]. The Track Segment is

---

[1] The STB is the successor agency of the ICC, which was abolished by the Interstate Commerce Commission Termination Act of 1995 ("ICCTA"). 49 U.S.C. § 10101 *et seq*.

included in the right of way the Development District has determined necessary for completion of this proposed line. *Id.*

On December 29, 2023, Delta Southern filed its motion to dismiss. M/Dismiss [doc. #5]. The Development District filed its motion to remand on January 19, 2024. M/Remand [doc. #9]. Ten days later, on January 29, 2024, the Development District filed its opposition to the motion to dismiss, Opposition to M/Dismiss [doc. #12], to which Delta Southern responded on February 5, 2024. Reply to Opposition to M/Dismiss [doc. #13]. On February 23, 2024, Delta Southern filed its opposition to the motion to remand. Opposition to M/Remand [doc. #14]. The Development District replied on March 13, 2024. Reply to Opposition to M/Remand [doc. #19]. Shortly thereafter, on March 15, 2024, Delta Southern filed a further brief opposing remand and supporting dismissal. Sur-Reply to M/Dismiss and M/Remand [doc. # 20].

Briefing is complete. Accordingly, this matter is ripe.

## Analysis

**I. Legal Standard**

*a. Remand to State Court*

Federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citation omitted). As there is a presumption against federal jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside this limited jurisdiction . . . ."), the removal statute is to be construed "strictly against removal and for remand." *Hicks v. Martinrea Automotive Structures, Inc.*, 12 F.4th 511, 514-15 (5th Cir. 2021). The party invoking federal jurisdiction bears the burden of proving the suit lies within the court's limited jurisdiction. *Howery*, 243 F.3d at 916.

A complaint that seemingly pleads only state-law claims presents a federal question if "a federal statute wholly displaces the state-law cause of action through complete preemption." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003); *see also Vaden v. Discover Bank*, 556 U.S. 49, 61 (2009) ("[An action] purporting to rest on state law can be recharacterized as one 'arising under' federal law if the law governing the complaint is exclusively federal."). Federal law may preempt an entire area of law if federal statutes "so forcibly and completely displace state law that [a] cause of action is either wholly federal or [non-existent]." *New Orleans & Gulf Coast Ry. Co. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 544-45 (5th Cir. 2005).

b.  *Federal Rule of Civil Procedure 12(b)(6)*

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

**II.   Motion to Remand**

The motion to remand raises questions about this court's jurisdiction over the instant action. *See generally* Memo in Support of M/Remand [doc. #9-1]. It is thus appropriate to resolve the motion to remand before analyzing the motion to dismiss.

Under the ICCTA, the STB's jurisdiction over "the construction, acquisition, operation, abandonment, or discontinuance of spur, industrial, team, switching, or side tracks, or facilities," even if they are located entirely in one state, "is exclusive." 49 U.S.C. § 10501(b)(2). This means that the ICCTA completely preempts state law concerning matters enumerated in § 10501(b)(2). Section 10906 of the ICCTA provides that the STB "does not have authority . . .

4

over construction, acquisition, operation, abandonment, or discontinuance of spur, industrial, team, switching, or side tracks." *Id.* at § 10906. Sections 10501(b)(2) and 10906 taken together create a regulatory gap whereby the STB may have *jurisdiction* over a track but lack regulatory *authority* over it. Indeed, the Fifth Circuit has found that "[a]lthough railroad side tracks are under the exclusive jurisdiction of the STB, rail carriers do not need prior STB approval to construct and operate those tracks." *Friberg v. Kansas City S. Ry. Co.*, 267 F.3d 439, 443 (5th Cir. 2001) (citing 49 U.S.C. § 10906). Decisions of other circuits confirm that the STB retains jurisdiction over track excepted under § 10906 ("Excepted Track"), *see, e.g.*, *New York & Atl. Ry. Co. v. Surface Transp. Bd.*, 635 F.3d 66, 72 (2d Cir. 2011) (indicating § 10501(b)(2) confers jurisdiction over "ancillary activities" that were previously excluded from STB licensing requirements); *United Transp. Union-Ill. Legis. Bd. v. Surface Transp. Bd.*, 183 F.3d 606, 612 (7th Cir. 1999) ("The § 10906 no-authority language means no *authority*, not no *jurisdiction*."), as do the Board's own decisions. *See, e.g.*, *Baylands Dev., Inc. – Petition for Dec. Order*, No. FD 36660, 2023 WL 6121079, at *3 n.8 (S.T.B. Sept. 18, 2013) ("Board precedent makes clear that [§ 10906] track is within the Board's jurisdiction under 49 U.S.C. § 10501(b)."); *Pinelawn Cemetery – Petition for Dec. Order*, No. FD 35468, 2015 WL 1813674, at *1 (S.T.B. Apr. 20, 2015) ("[Section] 10906 track, while excepted from licensing, is subject to the Board's general jurisdiction under 49 U.S.C. § 10501(b)(2)."). However, the STB's jurisdiction over a line terminates when a rail carrier abandons the line. *Baros v. Texas Mexican Ry. Co.*, 400 F.3d 228, 234 (5th Cir. 2005) (citing *Preseault v. I.C.C.*, 494 U.S. 1, 5 n.3 (1990) ("Once a carrier 'abandons' a rail line pursuant to authority granted by the [ICC], the line is no longer part of the national transportation system, and although the [ICC] is empowered to impose conditions on

5

abandonments . . . as a general proposition [the] ICC jurisdiction terminates." (citations omitted))).

The Development District asserts that the ICC authorized abandonment of the Track Segment, and neither it nor the STB have been asked to reauthorize interstate transportation on that segment. Memo in Support of M/Remand [doc. #9-1, p. 2]. The Development District further argues that, on this basis, the STB lacks jurisdiction over the Track Segment. *Id.* According to the Development District, because the federal regulator lack jurisdiction over the Track Segment, there is no federal question to grant this Court jurisdiction over the matter. *Id.*

Delta Southern admits that the Track Segment has previously been abandoned. Opposition to M/Remand [doc. #14, p. 16 n.9] ("Because [the Track Segment] was abandoned, it is not a common carrier line of railroad."). This would seemingly place the track outside the jurisdiction of the STB. However, Delta Southern argues that the Track Segment has been used as Excepted Track subsequent to its abandonment, thus subjecting it to the STB's jurisdiction, but not its authority. *Id.* at pp. 8-11, 15-18. Section 10906 certainly does not foreclose once-abandoned track coming back into use as Excepted Track without STB approval. *See* 49 U.S.C. § 10906; *see also Pinelawn Cemetery*, 2015 WL 1813674, at *1 (describing § 10906 track as exempt from STB licensing, but subject to STB jurisdiction). Consequently, there exists a federal question as to whether the STB has jurisdiction over the instant matter.

Whether the STB has jurisdiction over the Track Segment turns on whether the segment is Excepted Track. In the Fifth Circuit, track "used in the loading, reloading, storage and switching of cars incidental to the receipt of shipments" is considered Excepted Track. *See Ry. Lab. Execs. Ass'n v. City of Galveston*, 849 F.2d 145, 148 (5th Cir. 1988) (citing *New Orleans Terminal Co. v. Spencer*, 366 F.2d 160, 166 (5th Cir. 1966)), *vacated on different grounds* 492

6

U.S. 901 (1989).[2] The Development District admits that the Track Segment "is primarily, if not always, used to store railcars." Reply to Opposition to M/Remand [doc. #19, p. 6]. Delta Southern agrees. *See* Declaration of R. Thrall [doc. #14-1, p.3] ("The primary use of the [Track Segment] has been for staging and storing rail equipment necessary to the movement of rail shipments."). Thus, under the test endorsed by the Fifth Circuit, the Track Segment appears to be excepted under § 10906 as it is used for storage and staging of cars incidental to the receipt of shipments. Another related test utilized by the STB yields the same conclusion.[3,4] For the limited purpose of determining jurisdiction, the undersigned finds that the Track Segment is Excepted Track, placing this controversy in the exclusive jurisdiction of the STB.

Accordingly, it is RECOMMENDED that the Development District's motion to remand be denied.

---

[2] Note that *Ry. Lab. Exec.* and *Spencer* were decided before the current statutory scheme governing the STB came into effect. Consequently, those cases indicate that spur, industrial, team, switching, and side track lay outside the ICC's jurisdiction. *See Spencer*, 366 F.2d at 166. The ICCTA enacted § 10906 to bring such track under STB jurisdiction as described *supra*.

[3] Indicia found relevant in determining whether a track is Excepted Track include the length of the track; how many shippers will be served; whether the track is stub-ended; whether the track is built to invade another railroad's territory; whether the shipper is located at the end of the track; whether there is regularly scheduled service on the track; and who owns and maintains the track. *New York City Econ. Dev. Corp. – Petition for Dec. Order*, No. FD 34429, 2004 WL 1585810, at *6 (S.T.B. July 15, 2004). The Track Segment is "a short segment," does not invade the territory of another railroad, does not host scheduled, maintained or regular service, does not serve a specific customer's facilities, and does not host overhead or through traffic. Declaration of R. Thrall [doc. #14-1, p. 2].

[4] It is also worth noting that the test of abandonment utilized by other circuits and the STB indicate that the Track Segment may not be abandoned. Under this test, when determining whether a line has been abandoned, "the focus is on the carrier's intent." *Fox v. Surface Transp. Bd.*, 379 F.App'x 767, 772 (10th Cir. 2010) (citing *Birt v. Surface Transp. Bd.*, 90 F.3d 580, 585 (D.C. Cir. 1996)). "[S]everal concrete actions . . . may indicate an intent to abandon: cessation of operations, cancellations of tariffs, salvage of the track and track materials, and relinquishment of control over the right-of-way." *Id.*

**III.     Motion to Dismiss**

As this case presents a federal question, the undersigned now turns to the motion to dismiss. Delta Southern has moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). M/Dismiss [doc. #5].

Delta Southern presents several arguments in support of its motion. First, it asserts that the procedure used by the Development District to expropriate the Track Segment is deficient under Louisiana law. Memo in Support of M/Dismiss [doc. #5-1, pp. 3-6] (arguing the Development District is not empowered to affect a "quick-take" under Louisiana law and did not comply with pre-suit requirements of Louisiana Revised Statutes Title 19). However, as established *supra*, federal law preempts state law with regards to the Track Segment. It is thus inappropriate analyze these state law arguments or to recommend dismissal because of them.

Delta Southern also contends that the ICCTA's complete preemption of jurisdiction over the Track Segment is an independent basis for dismissal. Reply to Opposition to M/Dismiss [doc. #13, pp. 2, 4]; Opposition to M/Remand [doc. #14, p. 14]. The undersigned agrees that the ICCTA's grant of exclusive jurisdiction to the STB over acquisition of Excepted Track places this controversy outside this Court's jurisdiction. The Fifth Circuit has endorsed dismissal of cases where the STB has exclusive jurisdiction over the matter. *See, e.g.*, *Baros*, 400 F.3d at 235 (holding district court finding that STB retained exclusive and plenary jurisdiction over track properly led to conclusion that the court lacked jurisdiction over claims concerning that track).[5]

---

[5] "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). "Courts may dismiss for lack of subject matter jurisdiction on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant*

8

Resolution of the Development District's attempt to acquire the Track Segment is within the STB's jurisdiction and must thus be resolved through that entity's processes.[6]

While Delta Southern predicates its motion on the Development District's putative failure to state a claim, it has nonetheless presented arguments that sound in the key of Federal Rule of Civil Procedure 12(b)(1).  *See* Reply to Opposition to M/Dismiss [doc. #13, p. 4] ("ICCTA preemption also means dismissal of the expropriation action is appropriate, [and is] a separate and independent basis to dismiss the case."); Opposition to M/Remand [doc. #14, p. 14] ("ICCTA facially, expressly, and completely preempts the [Development District's] expropriation action, which establishes federal removal jurisdiction.  It also requires dismissal of this action.").  Furthermore, this Court has an ongoing obligation to ensure that it possess subject matter jurisdiction and may raise the issue *sua sponte* at any time.  FED. R. CIV. P. 12(h)(3); *Louisiana Sportsmen All. v. Vilsack*, 583 F.App'x 379, 380 (5th Cir. 2014).  While it would be improper to grant Delta Southern's motion to dismiss on the basis that the Development District has failed to state a claim, dismissal is appropriate on grounds that this court lacks subject matter jurisdiction over the controversy.

Accordingly, it is RECOMMENDED that Delta Southern's motion to dismiss be denied to the extent it Defendant moves under Rule 12(b)(6), the Court *sua sponte* find it lacks subject

---

*County,* 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir. 1981)).

[6] While not entirely relevant at the moment, review of STB decisions is directed to the court of appeals, not the district courts.  *See* 28 U.S.C. §§ 2321, 2342.

matter jurisdiction, and the motion to dismiss be granted in part to the extent it seeks dismissal of the suit.[7]

### Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff Northeast Louisiana Railroad Development District's motion to remand [doc. #9] be **DENIED**.

**IT IS FURTHER RECOMMENDED** that the Court *sua sponte* find it lacks subject matter jurisdiction over the instant suit.

**IT IS FURTHER RECOMMENDED** that Defendant Delta Southern Railroad Inc.'s motion to dismiss [doc. #5] be **DENIED IN PART** to the extent it moves under Federal Rule of Civil Procedure 12(b)(6), **GRANTED IN PART** to the extent it seeks dismissal, and the suit be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FED. R. CIV. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS**

---

[7] If the STB were to determine it does not have jurisdiction over this controversy, the matter may return to this Court to be disposed of in an appropriate manner.

**REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 24th day of May, 2024.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE